"In England the sheriff is bound for the amount of the inventory and appraisement of goods taken in execution, which is a satisfaction of the debt to that amount; he therefore, in practice, usually seizes and removes from the custody of the defendant, all goods levied on. Such is neither the custom nor the law of this State. (1Harr. Rep. 503.)
The sheriff in this State is not finally bound for the amount of the appraisement of goods taken in execution, but only for the amount that such goods will bring at a fair sale.
When a writ of execution is issued and delivered to the sheriff, it is his duty forthwith, or within a reasonable time, to proceed to make a levy; and after the levy he is responsible for the safekeeping and production of all the goods, and for their value at a fair public sale, which he is required to make according to the command of his writ, and at such sale to sell all the goods levied on. If any of the property have been disposed of or wasted by the defendant, the sheriff is bound to make good the deficiency. He is to execute writs delivered to him without delay; that is, with reasonable diligence, according to the exigency of the writ, and of the case. What is reasonable diligence must often depend on circumstances. Ordinarily, as the writ commands the sheriff to levy and make the money, and have it at the court, he would have a discretion as to the time of actual sale of property levied on by him; but this discretion should be used so as not to injure the plaintiff. His writ commands him to levy and make the money; and his duty obliges him to do this, without unreasonable delay, such delay as would prejudice and injure the plaintiff; and if in a given case the putting off a sale to the last day allowed by the writ would, on account of the wasting of property or *Page 35 
otherwise injure the plaintiff, such delay would he a violation of the sheriff's duty, and a breach of his official obligation.
It has been contended by the defendant's counsel that a sheriff is not bound to sell property levied on earlier than the full time allowed him by the command of the writ to make the money; but the same writ orders him to make the levy, and it is admitted that he is bound to make the levy within reasonable time, and that he has not for this purpose the whole time intervening between the issuing and return of the writ.
It is the opinion of the court that the sheriff is equally bound to sell within reasonable time, having reference to the circumstances of the particular case; and, though the plaintiff cannot dictate to him the time of sale, he may by his orders and notices to the sheriff, put him on his guard, and compel him to strict diligence in the execution of process. The plaintiff's order to the sheriff cannot make a case of necessity, requiring the sheriff to use extraordinary haste in selling property; but if the sheriff', after such order, chooses to delay the sale to the utmost limit of time allowed by his writ, he ought to be prepared clearly to satisfy a jury that such delay was not unreasonable, and did not occasion loss to the plaintiff.
In our view the question of diligence is for the jury to decide, under the direction of the court upon the circumstances of each case. The writ of execution commands the sheriff to levy and make the money, and to have it at the court next ensuing; ordinarily, if he does this he performs his duty, without reference to the time of sale; but if he do not produce the money at court, it becomes important to inquire whether he has performed his duty in the meantime; whether he has executed the writ according to his duty and the terms of his recognizance, without delay. Has he made his levy in due time? What is due time in reference to the levy? Has he the whole time previous to the return of the writ to make the levy in? It is admitted that he has not, and yet it is contended that he has the whole time in reference to a sale. In our opinion, the rule as to both is the same; it must be done in reasonable time. Of course much greater activity must be used by the sheriff in making the levy than in making a sale, for this is reasonable; and in most cases it would not be unreasonable to defer the sale until the longest period before the return day of the writ; but if in any particular case such a delay would be prejudicial and injurious to the plaintiff, it is unreasonable and a violation of the sheriff's official duty.
In this case the fi. fa. issued 13th May, 1836, and was levied immediately. *Page 36 
The sale took place on the 19th November, and the writ was returnable on the following Monday. If the jury are of opinion, from the situation of defendant in the meantime, or other circumstances in proof before them, that this delay of selling was unreasonable, they ought to find a verdict for the plaintiff for the whole amount of his debt and interest; if they do not think such delay was unreasonable, it will then be for them to inquire whether all the property levied on was in fact sold by the sheriff. If it was, the jury ought to find for the amount of the sales; if any part of the property was not sold, they should charge the value of such property in addition to the amount of the sales.
In either case the jury ought to allow interest on the amount found due, from the end of the term to which the writ of execution was returnable, to wit: November term, 1836. It was the duty of the sheriff to have the money ready to pay to the plaintiff at that time; and it was not necessary for the plaintiff to prove any demand of payment before he brought his action. (2 Phil. Ev. 225.)

 Verdict for plaintiff $1,051 25.